UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Henry, # 299199, ) | C/A No.  4:13-1075-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Larry Cartledge, Warden; ) | |
| Florence Mauney, Associate Warden; ) | |
| Kaye A. Humphries, Commissary Coordinator; ) | |
| Curtis Earley, Major, and ) | |
| Stephen Claytor, Associate Warden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PROCEDURAL BACKGROUND**

The Plaintiff, John Henry ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on April 23, 2013, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Perry Correctional Institution. Defendants filed a Motion for Summary Judgment on September 4, 2013, along with a memorandum and exhibits in support of said motion. (Document #30). Because Plaintiff is proceeding pro se, he was advised on or about September 5, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' Motion for Summary Judgment could result in the dismissal of his complaint. Plaintiff failed to file a response.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendants violated his constitutional rights. Plaintiff alleges medical indifference asserting he was denied orthopaedic shoes for his back and he was not provided with a thicker mattress as requested. The Defendants filed a Motion for Summary Judgment asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies before filing this action.

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis. Defendants submitted the affidavit of Angela Hardin (Hardin) who attests that she is an employee of the SCDC as the Inmate Grievance Administrator for the Inmate Grievance Branch and has access to grievances in the SCDC system. (Hardin's affidavit, doc. #30-2). Hardin avers that the initial step for the SCDC Inmate Grievance System is for the inmate to file a Step One grievance. (Id.). The general procedure is a Grievance Coordinator will conduct an investigation and a decision will be issued by the Warden at the institution where the inmate is housed. (Id.). If the inmate disagrees with the Warden's decision on the Step One grievance, the inmate may file a Step Two grievance which is the second part of the administrative remedies available to inmates in the SCDC. (Id.). If the inmate disagrees with the disposition of the Step Two grievance, the inmate may appeal to the Administrative Law Court. (Id.) Hardin attests that she has personally reviewed Plaintiff's grievance records and determined that he filed a grievance concerning the alleged denial of orthopedic shoes on March 23, 2012, grievance number PCI 787-12. (Id.). It was received in the grievance office on March 26, 2012, and she attached a copy of the grievance to her affidavit. (Id.). Plaintiff was served with the Warden's response to grievance number PCI 787-12 on September 5, 2012, at which time the Warden denied Plaintiff's grievance. The Plaintiff was advised in the Warden's response that if he was not satisfied with the decision, he could appeal within five (5) days of receipt of the response. Hardin attests that she has reviewed records and determined that Plaintiff did not file an appeal by filing a Step Two grievance in this matter. (Id.). Therefore, Plaintiff has not exhausted the SCDC grievance process. (Id.).

Plaintiff argues in his response that he exhausted his remedies because the Defendants did not comply with SCDC policy. Specifically, Plaintiff asserts that he submitted a grievance on March 23, 2012, and did not receive a response from the warden until September 5, 2012, which was not timely in violation of the SCDC policy/ procedures with regard to grievances. (Doc. #35). In his affidavit attached to the response, Plaintiff asserts that ". . . Grievances will be processed from initiation to final disposition within 125 days except when the Chief Designee, Inmate Grievance Branch specifically agrees to a request for an extension." (Doc. # 35-1). Plaintiff appears to rely on the case of Moore v. Bennette, 517 F.3d 717 (4th Cir. 2008)[2] for the proposition that the administrative remedies were not "available" to him when they did not file a timely response.

Defendants filed a reply asserting that Plaintiff's grievance was dated March 23, 2012, was received in the grievance office on March 26, 2012, the Warden issued a response to the grievance on August 2, 2012, and Plaintiff was served with the Warden's response on September 5, 2012.

---

[2] In Moore, the Court held the following:

> Under the Prison Litigation Reform Act of 1995 ("PLRA"), as amended, prisoners must exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions. 42 U.S.C.A. § 1997e(a) (West 2003). . . We therefore must consider the meaning of "available" in this context. Because the PLRA does not define the term, courts have generally afforded it its common meaning; thus, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. See Aquilar–Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006).

Moore, 517 F.3d at 725.

5

Plaintiff did not file an appeal, a Step Two Grievance. Therefore, for purposes of summary judgment, Defendants concede in their reply memorandum that Plaintiff did not receive the response to his Step One grievance within the applicable time period; however, they note that Plaintiff did receive his response and was informed that he had an obligation to file a Step Two Grievance within five (5) days, that he failed to do so, and instead filed this lawsuit over seven months after he had received the response to his Step One Grievance. Defendants argue that while Plaintiff cites to the Moore case, the facts are distinguishable from this case. Defendants note that while courts have ruled that administrative remedies can be deemed to have been exhausted when prison officials fail to timely respond to an inmate's grievance, these rulings apply where the inmate has been prevented from filing suit due to the failure of grievance personnel to respond to an inmate grievance for an excessive amount of time or to even respond at all, not to the type of situation presented in this case. Defendants assert that Plaintiff had an administrative remedy "available" to him as Plaintiff received the response on September 5, 2012, and was informed of the obligation to file a Step Two grievance within five (5) days, but chose not to so.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first

exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

This court agrees with the Defendants. Plaintiff did receive a response to his Step One grievance but failed to file any appeal of the denial of that grievance, despite being advised of the need to do so. See Kearse v. Patterson, 2013 WL 4511637 (D.S.C. Aug. 22, 2013)(where prisoner failed to properly pursue a Step Two appeal despite being advised how to properly file it, the court would not excuse compliance with the exhaustion requirement on any basis); Corbett v. Fleming, 2013 WL 4866502 (D.S.C. Sept. 11, 2013) (quoting Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) ("It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (internal quotes omitted); Sullivan v. Coleman, No. 06–1588, 2006 WL 3759757, * 6 (D.S.C. Dec.18, 2006) (Inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form). Plaintiff cannot fail to properly pursue and exhaust the prison's Step Two appeal grievance

procedure under these facts, and then file a Complaint in this Court months later claiming the administrative remedy was not available. See Corbett v. Fleming, 2013 WL 4866502, at * 5, (quoting Nyhuis, 204 F.3d at 73, "It is beyond the power of this court or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (internal quotes omitted). Accordingly, it is recommended that Defendants' motion for summary judgment be granted for failure to exhaust administrative remedies.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this Defendant's Motion for Summary Judgment (document #30) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III

February 27, 2014  
Florence, South Carolina

Thomas E. Rogers, III  
United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**