

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN HENRY,                             § | |
|       Plaintiff,                     § | |
| § | |
| vs.                                           § | CIVIL ACTION NO. 4:13-1075-MGL-TER |
| § | |
| LARRY CARTLEDGE, Warden;         § | |
| FLORENCE MAUNEY, Associate Warden;  § | |
| KAYE A. HUMPHRIES, Commissary         § | |
| Coordinator; CURTIS EARLEY, Major; and § | |
| STEPHEN CLAYTOR, Associate Warden, § | |
|       Defendants.                 § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE

       This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and this action be dismissed for Plaintiff's failure to properly exhaust his administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

       The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 27, 2014, and the Clerk of Court entered Plaintiff's objections on March 17, 2014.  Defendants then filed a reply on March 24, 2014.  The Court has considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

There is no dispute that Defendants failed to provide a response to Plaintiff's Step One grievance within the applicable time period.  But, when they finally did issue their response, Plaintiff was informed that he had five days to file a Step Two grievance.  He neglected to do so.  Instead, he filed this suit seven or so months later.  But, as the Magistrate Judge observed, "Plaintiff cannot fail to properly pursue and exhaust the prison's Step Two appeal grievance procedure under [the facts of this case] and then file a Complaint in this Court months later claiming the administrative remedy was not available."  Report 7-8.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to properly exhaust his administrative remedies.

**IT IS SO ORDERED**.

Signed this 14th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.